Justice Marshall,
with whom Justice Brennan joins,
dissenting.
Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth *949 and Fourteenth Amendments, Gregg v. Georgia, 428 U. S. 153, 231-241 (1976) (Marshall, J., dissenting), I would grant the petition for writ of certiorari. Yet even if I did not hold this view, I would grant the petition to resolve the question whether, or under what circumstances, evidence of crimes for which the defendant has not been tried or convicted may be introduced at the sentencing phase of a capital trial. As I recently argued in Williams v. Lynaugh, ante, p. 935 (Marshall, J., dissenting from denial of certiorari), the admission of evidence of unadjudicated crimes at the sentencing phase impinges on the unique constitutional concern for reliability in capital trials. The question whether the State may introduce such evidence without violating the Eighth and Fourteenth Amendments has also prompted a number of conflicting decisions nationwide. Compare State v. Bobo, 727 S. W. 2d 945, 952-953 (Tenn.) (unadjudicated-crimes evidence not admissible), cert. denied, ante, p. 872, and State v. Bartholomew, 101 Wash. 2d 631, 640-642, 683 P. 2d 1079, 1085-1086 (1984) (en banc) (same), with Milton v. State, 599 S. W. 2d 824, 827 (Tex. Crim. App. 1980) (en banc) (unadjudicated-crimes evidence admissible). This case again demonstrates that the Court should resolve this important question.
Petitioner Darrell Gene Devier was convicted of rape and murder and sentenced to death. At the sentencing phase of his trial, the State, over defense counsel’s objection, introduced the testimony of Linda Elrod. Ms. Elrod, a minor, testified that she had been raped by petitioner some six months before the crime for which he was on trial. Petitioner had never been tried for the alleged rape of Ms. Elrod. Moreover, the trial court did not instruct the jury that it had to find, by any particular standard of proof, that petitioner had raped Ms. Elrod before it could consider the evidence in determining his sentence. In short, the jury was presented with unproved but highly prejudicial allegations of criminal conduct, and was given no guidance on how to consider these allegations in determining whether death was an appropriate punishment. As in Williams, I maintain serious doubts whether the introduction of such evidence can be reconciled with the heightened need for reliability in death sentencing proceedings. I would therefore grant the petition for certiorari.