No. 87–6746. MIRANDA *v.* CALIFORNIA. Sup. Ct. Cal. Certiorari denied. 

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231–241 (1976) (MARSHALL, J., dissenting), I would grant the petition for writ of certiorari. But even if I did not hold this view, I would grant the petition because it raises the question whether the State may introduce evidence of unadjudicated criminal conduct at the sentencing phase of a capital trial.

A jury convicted petitioner Adam Miranda of first-degree murder and assault with intent to commit murder. At the sentencing phase of the trial, the only evidence the State introduced to support the death penalty concerned a wholly unrelated murder. Petitioner had been charged with committing this murder, but had not been tried for or convicted of the crime. Moreover, the trial court refused to instruct the jury that it could consider the evidence of the unrelated murder in making a sentencing determination only if it found beyond a reasonable doubt that petitioner had committed the offense. The jury imposed the death sentence.

I have stated twice this Term that the Court should consider the question whether the admission of evidence of unadjudicated criminal conduct at the penalty phase of a capital trial violates the Eighth and Fourteenth Amendments. See *Williams* v. *Lynaugh*, 484 U. S. 935 (1987) (dissenting from denial of certiorari); *Devier* v. *Kemp*, 484 U. S. 948 (1987) (dissenting from denial of certiorari). I have noted that this question has prompted a number of conflicting decisions nationwide. Compare *State* v. *Bobo*, 727 S. W. 2d 945, 952–953 (Tenn.) (unadjudicated-crimes evidence not admissible), cert. denied, 484 U. S. 872 (1987), and *State* v. *Bartholomew*, 101 Wash. 2d 631, 640–642, 683 P. 2d 1079, 1085–1086 (1984) (en banc) (same), with *Milton* v. *State*, 599 S. W. 2d 824, 827 (Tex. Crim. App. 1980) (en banc) (unadjudicated-crimes evidence admissible). In addition, I have argued that the admission of unadjudicated-crimes evidence at the sentencing phase of a capital trial is difficult to reconcile with the unique constitutional concern for reliability in death sentencing proceedings. This case again demonstrates that the Court should resolve this important question.