Justice Marshall,
dissenting.
Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, Gregg v. Georgia, 428 U. S. 153, 231-241 (1976) (Marshall, J., dissenting), I would grant the petition for writ of certiorari.
Even if I did not hold this view, I would grant the petition to resolve the question whether the Eighth and Fourteenth Amendments preclude the introduction of evidence of unadjudicated criminal conduct at the sentencing phase of a capital case. As I recently argued in Williams v. Lynaugh, 484 U. S. 935 (1987), and Devier v. Kemp, 484 U. S. 948 (1987), the admission of such evidence cannot be reconciled with the heightened need for reliability in capital cases.
Petitioner Michael Eugene Sharp was convicted of murder and sentenced to death. At the penalty phase, the State, over defense counsel’s objections, introduced the testimony of Detective Jerry Smith. Smith testified that petitioner, while in custody, had told him where to find the body of Blanca Arreola, a missing Texas woman. Smith stated that he did not know the cause of Arreola’s death. He testified that petitioner had not been indicted for her death and that he did not expect that he would be. The prosecutor’s closing statement repeatedly referred to Arreola’s murder as evidence of petitioner’s future dangerousness. I am troubled that once again a jury faced unproved but highly prejudicial allegations of criminal conduct in a capital sentencing proceeding. I would grant certiorari.