Guy Nelson MONTGOMERY,
Appellant,

v.

STATE of Texas, Appellee.

Nos. 11–00–00395–CR, 11–00–00396–CR.

Court of Appeals of Texas,
Eastland.

Nov. 7, 2002.

Robert G. Estrada, Wichita Falls, for appellant.

Tim Fore, Dist. Atty., Palo Pinto, for appellee.

Panel consists of ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.*

Opinion

TERRY McCALL, Justice.

The jury convicted appellant of two offenses of hindering a secured creditor under TEX. PENAL CODE ANN. § 32.33 (Vernon 1994). In each case, the jury assessed punishment for 10 years and recommended community supervision. The trial court accepted the jury's recommendation, suspended the imposition of the sentence, and placed appellant on community supervision for 10 years. The trial court ordered appellant to pay restitution in the amount of $196,516.18. Because the restitution order was excessive, we abated the appeal, set aside the amount of restitu-

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

tion awarded by the trial court, and directed the trial court to conduct a hearing to determine the just amount of restitution. See *Montgomery v. State*, 83 S.W.3d 909 (Tex.App.-Eastland 2002, per curiam order). The trial court held a restitution hearing and determined that the value of the secured property was $49,300.00. We now address appellant's remaining contentions on appeal. We modify the trial court's judgments to award restitution in the amount of $49,300.00 to the First State Bank of Mineral Wells and affirm the judgments as modified.

## Background Facts

Appellant obtained two loans from the bank. One of the loans was for $20,500.00, and the other loan was for $38,000.00. The bank obtained a security interest in 3 vehicles to secure the $20,500.00 loan and a security interest in 6 vehicles to secure the $38,000.00 loan.

Appellant failed to pay the loans when due. The bank demanded that appellant deliver the collateral to it. Appellant failed to deliver the vehicles or to pay the amount due. The grand jury indicted appellant for 2 offenses of hindering a secured creditor in Trial Court Cause Nos. 10,990 and 10,991. Cause No. 10,990 involved the $38,000.00 loan and 5 of the 6 vehicles securing it. Cause No. 10,991 involved the $20,500.00 loan and the 3 vehicles securing it. In both causes, the State alleged that appellant intentionally and knowingly concealed the vehicles with the intent to hinder the bank's enforcement of its security interest in the vehicles. Appellant appeals from his convictions of these 2 offenses.

*Double Jeopardy*

■■■ In his first issue, appellant complains that the State violated his double jeopardy rights by prosecuting him twice for the same offense. Both the United States Constitution and the Texas Constitution protect individuals from multiple punishments for the same offense. See *Phillips v. State*, 787 S.W.2d 391, 393 (Tex. Cr.App.1990); *Landers v. State*, 957 S.W.2d 558 (Tex.Cr.App.1997). The double jeopardy clause prevents (1) a second prosecution for the "same offense" after acquittal, (2) a second prosecution for the "same offense" after conviction, and (3) multiple punishments for the "same offense." *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex.Cr.App.1992); citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969).

■■■ Appellant's double jeopardy claim is based upon the third category above. The State charged appellant with two violations of the same statute. If each alleged violation of the statute was a separate "allowable unit of prosecution," there was no double jeopardy clause violation.[1] See *Ex parte Hawkins*, 6 S.W.3d 554, 556–57 (Tex.Cr.App.1999); *Iglehart v. State*, supra at 127; *Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex.Cr.App.1986). Whether an offense is a separate "allowable unit of prosecution" depends upon legislative intent:

The legislature defines whether offenses are the same. It does so by prescribing the "allowable unit of prosecution," which is "a distinguishable discrete act

---

**1.** In cases involving multiple alleged violations of the same statute, the rule of statutory construction established by the *Supreme Court in Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), does not apply. See *Ex parte Hawkins*, supra at 555–56. *Blockburger* established the "same elements" test for the purposes of double jeopardy analysis. The *Blockburger* test applies in cases involving alleged violations of two distinct statutory provisions. *Ex parte Hawkins*, supra.

that is a separate violation of the statute." And the discovery of the allowable unit of prosecution is a task of statutory construction.

*Ex parte Hawkins,* supra at 556–57.

Therefore, we consider legislative intent to determine the double jeopardy issue. Section 32.33(b) provides:

A person who has signed a security agreement creating a security interest in property . . . commits an offense if, with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, or otherwise harms or reduces the value of the property.

Section 32.33 is included in TEX. PENAL CODE ANN. ch. 32 (Vernon 1994 & Supp.2002). The following provision is also included in Chapter 32:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct *may* be considered as one offense and the amounts aggregated in determining the grade of offense. (Emphasis added)

Section 32.03. Section 32.03 permits the State to consider the conduct as one offense; it does not require the State to consider the conduct as one offense.[2] The permissive language in Section 32.03 provides evidence that the legislature intended to allow the State to prosecute an individual for a separate offense of hindering a secured creditor for each item of secured property that the defendant destroys, removes, conceals, encumbers, or otherwise harms or reduces the value of in violation of Section 32.33(b).

The State alleged that appellant violated Section 32.33(b) twice by hindering the bank with respect to different sets of collateral that secured different loans. Under Section 32.03, the State was not required to consider appellant's conduct as one offense or to aggregate the alleged value of the collateral. Each of the offenses was a separate "allowable unit of prosecution"; and, therefore, the State did not violate appellant's double jeopardy rights. We overrule appellant's first issue.

*Sufficiency of the Evidence*

 In his second issue, appellant attacks the legal sufficiency of the evidence supporting his convictions. In reviewing the legal sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Turner v. State,* 805 S.W.2d 423, 427 (Tex.Cr.App.1991). The inquiry is whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Turner v. State,* supra at 427. The fact finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Cr.App.1992). The fact finder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Cr.App.1986), *cert. den'd,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

Appellant asserts that the State failed to prove an essential element of the offense of hindering a secured creditor under Section 32.33(e): that appellant had the "intent to appropriate" proceeds obtained

---

**2.** See *Dickens v. State,* 981 S.W.2d 186 (Tex. Cr.App.1998). *Dickens* involved TEX. PENAL CODE ANN. § 31.09 (Vernon 1994) which *permits the State to aggregate the amounts stolen in theft cases and has language identi-* cal to the language in Section 32.03. The *Dickens* court held that Section 31.09 is permissive and that the State is not required to aggregate the amounts. *Dickens v. State,* supra at 186.

from the sale of secured property. However, the State did not charge appellant with an offense under Section 32.33(e). Rather, the State charged appellant with offenses under Section 32.33(b). Section 32.33(b) provides:

A person who has signed a security agreement creating a security interest in property or a mortgage or deed of trust creating a lien on property commits an offense if, with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, or otherwise harms or reduces the value of the property.

Under Section 32.33(b), the State's burden was to establish that appellant intended to hinder enforcement of the bank's security interest in the vehicles. The State did not have to establish that appellant intended to appropriate proceeds from the sale of the vehicles. Section 32.33(c) provides:

[A] person is presumed to have intended to hinder enforcement of the security interest or lien if, when any part of the debt secured by the security interest or lien was due, he failed:

(1) to pay the part then due; and

(2) if the secured party had made demand, to deliver possession of the secured property to the secured party.

Appellant failed to pay the debts when due. The bank demanded that appellant deliver the vehicles to it, but appellant did not deliver the vehicles. The presumption arose that appellant intended to hinder the bank's enforcement of its security interests in the vehicles. Because there was sufficient evidence of the facts giving rise to the presumption, the trial court properly submitted the existence of the presumed fact to the jury. See TEX. PENAL CODE ANN. § 2.05 (Vernon 1994). The evidence was legally sufficient to establish that appellant intended to hinder the bank's enforcement of its security interests. We overrule appellant's second issue.

### Assistance of Counsel

■ In his fifth issue, appellant complains that he was denied a fair trial due to ineffective assistance of counsel. In reviewing a claim of ineffective assistance of counsel, we must apply an objective standard of reasonableness. A defendant making a claim of ineffective assistance of counsel must show that (1) counsel was deficient and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex.Cr.App.1999); *Hernandez v. State*, 726 S.W.2d 53 (Tex. Cr.App.1986).

■ A claim of ineffective assistance of counsel must be determined on the particular facts and circumstances of each individual case. See *Jimenez v. State*, 804 S.W.2d 334, 338 (Tex.App.-San Antonio 1991, pet'n ref'd). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance deficient. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex.Cr. App.1992), *cert. den'd*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). Whether the *Strickland* test has been met is to be judged by the totality of the representation. *McFarland v. State*, supra. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. See *Strickland v. Washington*, supra at 689, 104 S.Ct. 2052; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex.Cr.App.1991).

Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. See *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Cr.App.1985). The record does not establish that appellant's trial counsel was deficient. Appellant complains that his trial counsel:

> [D]emonstrated a fundamental misunderstanding of controlling law applicable to the case, Texas Penal Code § 32.33, by failing to argue the requirement that the State prove beyond a reasonable doubt the essential elements of intent to appropriate the proceeds of the sale of the vehicle.

However, as discussed above, an "intent to appropriate" is not an element of the offenses charged against appellant. The record does not demonstrate that appellant's trial counsel misunderstood the law or lacked a trial strategy. Appellant's trial counsel called Mona Lynn Braswell and Sam Coker, Jr. as witnesses in support of appellant's claim that Braswell sold the vehicles and misappropriated proceeds from the sales of the vehicles, not appellant. Furthermore, the record fails to demonstrate a reasonable probability that, but for the alleged errors on the part of appellant's trial counsel, the result would have been different. We overrule appellant's fifth issue.

### Restitution

In his third and fourth issues, appellant complains about the trial court's restitution award. After we abated these causes for a new hearing on the restitution issue, the trial court conducted a restitution hearing consistent with our order and determined that the value of the secured property was $49,300.00. The trial court based this finding on the testimony of Leon Groves, an Executive Vice President of the bank. Groves testified at the trial of these causes that the value of the vehi-

cles was $49,300.00. In our earlier order, we held that Groves was qualified as an expert witness on the issue of values of the vehicles. *Montgomery v. State*, supra at 912. We find that $49,300.00 is the proper restitution amount, and we modify the trial court's judgments accordingly. We overrule appellant's third and fourth issues.

### This Court's Ruling

We modify the trial court's judgments to require appellant to pay restitution in the amount of $49,300.00 to the First State Bank of Mineral Wells as one of the conditions of community supervision, and we affirm the judgments as modified.