11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion


 

Yane Mondragon Gonzalez

Appellant

Vs.                   Nos. 11-03-00109-CR & 11-03-00110-CR B Appeals from Dallas County

State
of Texas

Appellee

 

This appeal is from two separate convictions of
aggravated sexual assault.  Appellant
pleaded guilty to both charges before a jury. 
After a hearing, the jury assessed punishment at confinement for 20
years and a $10,000 fine for each offense. 
We modify and affirm. 

Appellant was charged under two indictments.  Each indictment alleged separate but
identical offenses that took place on or about July 1, 2001.  Each indictment provided that appellant did:

[U]nlawfully then and there intentionally and knowingly cause
the penetration of the female sexual organ of [V.M.], a child, who was not then
the spouse of defendant, by an object, to-wit: the sexual organ of said
defendant.        

 

Appellant complains in his sole issue on appeal
that the State violated his constitutional right against double jeopardy when
it convicted and punished him twice for the same offense.  Appellant did not raise this issue at trial
or when he was sentenced to consecutive terms of confinement.  See  TEX.R.APP.P. 33.1.  A double jeopardy
violation could be raised for the first time on appeal if the record on its
face showed multiple punishments for one offense.  Gonzalez v. State, 8
S.W.3d 640 (Tex.Cr.App.2000).  

Here, the record on its face does not show that
there was a double jeopardy violation. 
The indictments allege two separate assault violations.  Appellant pleaded guilty and signed judicial
confessions for each violation. 
Appellant=s double
jeopardy claim should have been raised at trial, and he waived it by raising it
for the first time on appeal. 








Furthermore, there was not a violation of
appellant=s double
jeopardy rights.  Double jeopardy is
prohibited under both Amendment V of the United States Constitution, and
Article I,  section
14 of the Texas Constitution.   The
double jeopardy clause embodies three essential guarantees:  (1) it protects against a successive
prosecution for the Asame
offense@ after
acquittal; (2) it protects against a successive prosecution for the Asame offense@
after conviction; and (3) it protects against multiple punishments for the Asame offense.@  See Iglehart v.
State, 837 S.W.2d 122, 126-27 (Tex.Cr.App.1992).  When a defendant is convicted of two or more
crimes in a single trial, only the multiple punishment clause
is implicated.  See Ex parte Herron, 790 S.W.2d 623, 624 (Tex.Cr.App.1990).  When a
defendant is charged with multiple violations of the same statute, the Asame elements test@ set out in Blockburger
v. United States, 284 U.S. 299 (1932), does not apply.  Ex parte
Hawkins, 6 S.W.3d 554 (Tex.Cr.App.1999);  Montgomery v. State, 91
S.W.3d 426 (Tex.App. B
Eastland 2002, pet=n
ref=d).  Instead, we determine if each alleged
violation was a separate Aallowable
unit of prosecution.@  If each violation of the statute alleged is a
separate Aallowable
unit of prosecution,@
then there is no double jeopardy violation. 
Ex parte Hawkins, supra;
Montgomery v. State, supra. 
An Aallowable
unit of prosecution@ is a Adistinguishable discrete act that is a
separate violation of the statute.@
 Ex parte Hawkins, supra at
556.  

A person commits the offense of aggravated sexual
assault if the person knowingly or intentionally causes the penetration of the
sexual organ of a child by any means. 
TEX. PENAL CODE ANN. '
22.021(a)(1)(B)(i) (Vernon
Supp. 2004).  Several acts of aggravated
sexual assault over a period of time is not a single
offense.  Each separate assault against
the same victim is a separate punishable offense. Goodbread v. State, 912
S.W.2d 336 (Tex.App. B
Houston [14th Dist.] 1995), aff=d, Ex parte
Goodbread, 967 S.W.2d 859 (Tex.Cr.App.1998); David
v. State, 808 S.W.2d 239 (Tex.App. - Dallas 1991,
no pet=n).   

V.M. testified
that appellant had sexually assaulted her both in her room and in his room.  She also testified that he sexually assaulted
her in a hotel room in Dallas.  Appellant
pleaded guilty to both charges and signed a judicial confession admitting that
he had committed two separate sexual assaults against V.M.  Appellant also testified that he had had sex
with V.M. in several different rooms in the Dallas apartment.  There is evidence of two different sexual
assaults of V.M.  The trial court did not
assess multiple punishments for one offense and did not violate appellant=s constitutional right against double
jeopardy.  Appellant=s sole issue on appeal is overruled. 








            The judgment in both cases contain
language that appellant was to begin each sentence after he had completed the
other.  The trial court announced on the
record that the sentence in 11-03-00110-CR would begin first and that the
sentence in 11-03-00109-CR would start only after appellant had completed the
sentence in 11-03-00110-CR.  The judgment
in Cause No. 11-03-00109-CR is modified to delete the language stating that the
sentence would begin after the sentence in Cause No. 11-03-00110-CR ended and
to show that this sentence began on February 19, 2003.  As modified, the judgment in Cause No.
11-03-00109-CR is affirmed.  

The judgment in Cause No. 11-03-00110-CR is
affirmed.   

 

JIM R. WRIGHT

JUSTICE

 

February 5, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.