11th Court of Appeals
Eastland, Texas
Opinion
 
Jose Granados
            Appellant
Vs.                  No. 11-03-00157-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            Jose Granados was convicted of murder. The jury set punishment at 40 years imprisonment. 
Appellant asserts that his attorney was ineffective during the trial. We affirm.
            On the night of March 17, 2000, appellant and two friends attended a party at 3015 Texas
Street in Dallas. Earlier that day, appellant and his friends had been drinking. Before leaving for
the party, appellant put two guns in his jacket pockets. At the party, appellant was approached by
Richard Rodela. They exchanged words, and then turned and walked away from each other. Several
minutes later, Rodela again approached appellant. Appellant pulled out a gun, pointed it at Rodela’s
head, and shot him. Appellant and his friends then ran to their car and fled. Police and EMS arrived
at the party shortly thereafter; and Rodela was transported to the hospital, where he died ten days
later. The cause of death was the gunshot wound inflicted by appellant. Almost two years after the
murder was committed, on February 9, 2002, appellant was apprehended and arrested. He was
charged with intentionally and knowingly causing the death of Rodela. At trial, the jury found
appellant guilty of murder.
            Appellant first argues that counsel was ineffective at the punishment phase of his trial. He
asserts that counsel failed during sentencing to address the mitigating circumstance of sudden
passion. We disagree. In reviewing counsel’s performance at the punishment stage of trial, we must
examine the totality of the representation and determine whether appellant received “reasonably
effective assistance of counsel.” Ex Parte Walker, 794 S.W.2d 36, 37 (Tex.Cr.App.1990); Grim v.
State, 923 S.W.2d 767, 768 (Tex.App. - Eastland 1996, no pet’n). Based upon the record before us,
we cannot say that defense counsel failed to render reasonably effective assistance. 
            At the punishment stage of a murder trial, the defendant may raise the issue as to whether he
caused the death of the victim under the immediate influence of sudden passion arising from an
adequate cause. TEX. PEN. CODE ANN. § 19.02(d) (Vernon 2003). “Sudden passion” is defined
as “passion directly caused by and arising out of provocation by the individual killed or another
acting with the person killed which passion arises at the time of the offense and is not solely the
result of former provocation.” TEX. PEN. CODE ANN. § 19.02(a)(2) (Vernon 2003). Sudden
passion is a mitigating circumstance, which, if proved by a preponderance of the evidence, reduces
the punishment for the offense of murder to a felony of the second degree. Section 19.02(d);
Williams v. State, 35 S.W.3d 783, 787 (Tex.App. - Beaumont 2001, pet’n ref’d).
            The record reveals that, during closing arguments at the punishment stage of appellant’s trial,
defense counsel argued extensively that appellant was under the influence of sudden passion arising
from an adequate cause at the time of the shooting. The jury charge, approved by defense counsel,
included the special issue of sudden passion; but the jury unanimously chose to reject defense
counsel’s sudden passion theory. There is nothing in the record suggesting that the jury’s decision
was the result of defense counsel’s ineffectiveness. The record indicates that defense counsel
rendered reasonably effective assistance during sentencing, calling several witnesses to the stand in
support of defense counsel’s argument that appellant should be placed on probation. We hold that
counsel was not ineffective during sentencing. 
            Appellant next argues that his trial counsel was ineffective at the guilt/innocence stage of the
trial for failing to request a jury instruction on the lesser-included offenses of manslaughter and
criminally negligent homicide. We disagree. To prevail on this claim, appellant must first show that
his counsel’s performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984); Bone
v. State, 77 S.W.3d 828, 833 (Tex.Cr.App.2002). Specifically, appellant must establish that his
counsel’s representation fell below the objective standard of professional norms. Bone v. State,
supra. Second, appellant must show that this deficient performance prejudiced his defense. Bone
v. State, supra. This means that appellant must show a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. Mitchell v. State, 68
S.W.3d 640, 642 (Tex.Cr.App. 2002); Montgomery v. State, 91 S.W.3d 426, 431 (Tex.App. -
Eastland 2002, pet’n ref’d). A “reasonable probability” is one sufficient to undermine confidence
in the result of the trial. See Strickland v. Washington, supra at 687; Bone v. State, supra. Appellate
review of defense counsel’s representation is highly deferential and presumes that counsel’s actions
fell within the wide range of reasonable and professional assistance. Bone v. State, supra. 
            To establish that counsel’s performance was deficient for failure to request an instruction on
lesser-included offenses, appellant must show that he was entitled to such an instruction. Cardenas
v. State, 30 S.W.3d 384, 392 (Tex.Cr.App.2000); Rousseau v. State, 855 S.W.2d 666 (Tex.Cr.App.),
cert. den’d, 510 U.S. 919 (1993). To establish that he was entitled to a lesser-included offense
instruction, appellant must establish that (1) the offense is in fact a lesser-included offense of the
charged offense and (2) there was evidence that, if guilty of an offense, appellant was guilty of only
the lesser offense. Cardenas v. State, supra. The record in this case does not demonstrate that
appellant’s trial counsel was deficient. 
            Manslaughter and criminally negligent homicide are recognized as lesser-included offenses
of murder. Cardenas v. State, supra. A person commits the offense of murder if he intentionally
or knowingly causes the death of an individual. TEX. PEN. CODE ANN. § 19.02(b)(1) (Vernon
2003). Ordinarily, murder is a felony of the first degree. TEX. PEN. CODE ANN. § 19.02(c)
(Vernon 2003). If, however, the defendant proves by a preponderance of the evidence that the crime
was committed while the defendant was under the influence of sudden passion, the murder becomes
a felony of the second degree. Section 19.02(d). Proof of sudden passion, however, does not reduce
a murder offense to a manslaughter offense. Any evidence of sudden passion presented during the
guilt/innocence stage of the trial would not entitle appellant to a jury instruction on either
manslaughter or criminally negligent homicide.       
            A trial court is not required to give a jury instruction on manslaughter unless there is evidence
presented at trial that appellant was guilty of the specific offense of manslaughter. A defendant
cannot be convicted of manslaughter unless there is proof that he acted recklessly, consciously
disregarding a substantial and unjustifiable risk of which he was aware. TEX. PEN. CODE ANN.
§ 19.04 (Vernon 2003). Before a trial court is required to submit a jury instruction on criminally
negligent homicide, there must have been evidence presented at trial that, if appellant was guilty, he
was guilty only of the specific offense of criminally negligent homicide. A defendant cannot be
convicted of criminally negligent homicide unless there is proof that he acted with criminal
negligence and that he ought to have been aware of a substantial and unjustifiable risk that his
actions would result in death. See TEX. PEN. CODE ANN. § 19.05 (Vernon 2003).
            The evidence in the record does not support a finding that, if guilty, appellant was guilty of
only manslaughter or criminally negligent homicide. The evidence shows, instead, that appellant
intended to shoot Rodela. Multiple witnesses testified that they observed appellant pull out a gun
and shoot Rodela in the head at close range. Appellant admitted that he intended to shoot the victim,
although he claimed that it was in self-defense. Appellant further admitted that he aimed for the
victim’s head. He also admitted that he knew the gun was loaded and that the safety was off. During
cross-examination, the following exchange took place between the prosecutor and appellant:
            Q: On March 17th of 2000 in Dallas County, Texas, did you intentionally and
knowingly cause the death of Richard Rodela, an individual, by shooting said
Richard Rodela with a firearm, a deadly weapon?
 
            A: Yes, sir.
 
            Q: Did you unlawfully then and there intend to cause serious bodily injury to
Richard Rodela, you did commit an act clearly dangerous to human life by shooting
Richard Rodela with a firearm, a deadly weapon, thereby causing his death?
 
            A: Yes, sir. 
 
            Nowhere in the record is there evidence that appellant was behaving recklessly or negligently
when he killed Rodela. The record supports only one conclusion: that appellant intentionally shot
the victim in the head. Appellant was, therefore, not entitled to either a manslaughter or criminally
negligent homicide instruction. 
            Furthermore, even if defense counsel had requested a jury instruction on manslaughter or
criminally negligent homicide, the record does not demonstrate a reasonable probability that the
outcome of the trial would have been different. There is nothing in the record to suggest that the trial
court would have agreed to give such an instruction because there was no evidence presented at trial
supporting the lesser-included offenses. There is also nothing in the record to suggest that the jury
would not have found appellant guilty of murder despite the instruction because appellant admitted
that he intended to cause the victim serious bodily injury and that he intentionally and knowingly
caused the victim’s death. Because there was sufficient evidence of murder presented at trial, this
court cannot say that there is a reasonable probability that counsel’s request for an instruction on
manslaughter or criminally negligent homicide would have produced a different result. We,
therefore, hold that, in this case, failure to request a jury instruction on manslaughter or criminally
negligent homicide did not render defense counsel ineffective. 
            During both the guilt/innocence stage and the punishment stage of the trial, appellant’s
counsel was not ineffective. We overrule appellant’s only issue on appeal. 
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
April 7, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.