Susan Renee DICKENS, Appellant,

v.

The STATE of Texas

Nos. 0405–98, 0406–98.

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1998.

Robert H. Rogers, Dallas, for appellant.

Tammy Harrison, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, Judge, delivered the unanimous opinion of the Court.

Between August 20, 1993 and September 14, 1994, in one scheme constituting continuous conduct, appellant committed forty-four thefts in the aggregated amount of $95,786.16. She was charged with a single offense of aggregated theft of $20,000 or more, but less than $100,000, and entered an open plea of guilty to the court. After finding sufficient evidence to support a plea of guilty, the court sentenced appellant to 20 years confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $1,000. On direct appeal to the Fifth District Court of Appeals at Dallas, appellant raised one point of error in which she alleged that effective September 1, 1994, the maximum sentence for her offense was reduced from twenty to ten years confinement. She contended that, because some of the thefts were committed after September 1, 1994, the offense of aggregated theft was committed after September 1, 1994, and thus her sentence exceeds the statutory range of punishment. On the basis that appellant committed some elements of her offense before September 1, 1994, the Court of Appeals held that the trial court did not err in sentencing appellant under the statute in effect before September 1, 1994. We granted appellant's petition for discretionary review to determine when the elements of an aggregated offense occur for the purpose of determining the effective date of an amended sentencing statute. We will affirm the judgment of the Court of Appeals.

■ In her sole ground for review, appellant argues that the trial court denied her due process of law under both the State and Federal Constitutions, and committed an *ultra vires* act[1] by sentencing her outside the range of punishment prescribed by law. Appellant argues that our decision today should be guided by other aggregate theft cases involving (1) statutory severance and (2) the statute of limitations. See *Wages v. State*, 573 S.W.2d 804 (Tex.Crim.App.1978) (holding

that for the purpose of trial, underlying criminal acts constituting aggregate theft cannot be severed); *Barnes v. State*, 824 S.W.2d 560 (Tex.Crim.App.1991); and, *Graves v. State*, 795 S.W.2d 185 (Tex.Crim.App.1990) (both holding that, for the purpose of the statute of limitations, an offense is not complete until the entire offense has occurred). Relying upon these cases, appellant argues that, because there is only one offense—felony aggregate theft—no offense occurred for the purpose of determining punishment until the offense was completed. Accordingly, appellant contends that she committed no offense until September 14, 1994, and, on that date, the offense was classified as a third-degree felony.

■ In determining whether appellant's analogy to limitations and severance cases is correct, we examine the language of the statutes involved. We interpret statutes in accordance with the plain meaning of their texts unless the language is ambiguous or the plain meaning would lead to absurd results. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991). It is only when the literal text of the statute is either unclear or would lead to results so absurd that the legislature could not have possibly intended them, that the courts should resort to legislative history or other extraneous means to assist them in their interpretation of a statute. *Boykin* supra at 785; see also *Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Crim.App.1980).

Effective September 1, 1994, the legislature reduced the classification of the offense with which appellant was charged from a second to a third degree felony. Act of May 29, 1993, 73d Leg., R.S., ch. 900 § 1.19(a), 1993 Gen. Laws 3586, 3638, 3705, see Texas Penal Code § 31.03(e)(5)(B)(1993 & 1994). The punishment range was reduced from not more than 20 years or less than 2 years confinement, Texas Penal Code § 12.33(a), to not more than 10 years or less than 2 years confinement, Texas Penal Code § 12.34(a). In regard to the September 1, 1994 effective

---

1. By asserting an *"ultra vires* act" appellant alleges that the trial court acted without authority

or beyond powers conferred upon it by law.

date, the legislation contained the following savings clause:[2]

> SECTION 1.18 (a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purpose of this section, an offense is committed before the effective date of this article *if any element of the offense occurs before the effective date.*
>
> (b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act approved June 19, 1993, 73rd Leg., ch 900, § 1.18 & 2.08, 1993 Tex. Gen. Laws 3586, 3714 (emphasis added). In addition, the aggregation statute provides:

> When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as *one offense* and the amounts aggregated in determining the grade of the offense.

Texas Penal Code § 31.09. (emphasis added).

The savings clause unambiguously provides that the former law (i.e. second degree felony punishment) applies to an offense when *any* element of that offense was committed before the effective date of the new law (i.e. third degree felony punishment). Appellant's argument calls for an extrapolation of the law that defies the plain meaning of the amendatory legislation. The statute of limitations cases are irrelevant because the savings clause does not require that an offense be complete for statute of limitations purposes.[3] Furthermore, we need not re-

sort to such extraneous means when the plain meaning of the statute is evident. The savings clause does not pertain to the *completion* of the offense but rather to the *commission* of the offense for the purpose of classification and penalty.

 The aggregation statute unambiguously provides for the aggregation of multiple theft offenses into a *single* offense. Hence, aggregated theft is one offense, and each subsidiary offense is a component of that one offense of aggregated theft. Aggregated theft is the sum of all its parts. A part is a completed theft whose elements have all been proven. The amount obtained in each part may be aggregated in determining the grade of the one aggregated offense.[4] Under the plain meaning of both statutes (savings clause and aggregation provision), the former law's penalties apply to the offense of aggregated theft if any element of a subsidiary theft was committed before the effective date of the new law. This interpretation does not lead to absurd results because one could reasonably conclude that the legislature intended for the old penalties to attach to a scheme or continuing course of conduct that was begun before the effective date of the new law. Since some of the subsidiary thefts used to create appellant's aggregated theft conviction occurred before the effective date of the new law, the trial court and the Court of Appeals properly applied the former law imposing second degree felony punishment.

The judgment of the Court of Appeals is affirmed.

---

**2.** "Savings clause" is a colloquial reference to "a restriction in a repealing act, which is intended to save rights, pending proceedings, *penalties,* etc. from the annihilation which would result from an unrestricted repeal." Black's Law Dictionary 6 ed. (1990) (emphasis added). Throughout this opinion we shall make reference to § 1.18 as the "savings clause."

**3.** The origins of the *statute of limitations* and *statutory severance* give useful insight into their unique purposes and underscore why we decline to adopt appellant's analogy to the specific issue presented in this case. For background on the

statute of limitations see *Vasquez v. State,* 557 S.W.2d 779, at 781 (Tex.Cr.App.1977); *Ex Parte Hoard,* 63 Tex.Cr.R. 519, 140 S.W. 449, at 451 (1911). *White v. The State,* 4 Tex.App. 488 (1878); and, see generally 1 Branch's Annotated Penal Code (2nd Edition) § 661, at 639.

**4.** Of course, the State need not prove each constituent theft as long as it demonstrates that enough of the property described in the indictment was stolen to satisfy the aggregated value allegation. *Lehman v. State,* 792 S.W.2d 82 (Tex. Crim.App.1990).