COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-525-CR
  
  
ANTHONY CRAIG OLIVER                                                      APPELLANT
   
V.
   
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 371ST DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Anthony Craig Oliver appeals from his conviction for sexual assault of a child 
under the age of 17.  In three points on appeal, appellant complains that 
the trial court erred by (1) overruling his motion to suppress, (2) including 
language about parole laws in its charge to the jury, and (3) admitting evidence 
of extraneous offenses.  We will affirm.
II. Factual and Procedural Background
        Appellant’s 
daughter reported to police that appellant had sexually assaulted her.  The 
police then arrested appellant, read him his Miranda rights, and 
transported him to the Benbrook Police Department.  The police questioned 
appellant both on the way to the police station and after arrival. During the 
questioning, appellant made certain incriminating statements to the police, 
ultimately signing a written confession.
        Appellant 
was charged with three counts of sexually assaulting his fourteen-year-old 
daughter.  He originally pleaded not guilty but changed his plea to guilty 
at trial.  Appellant’s defense counsel had filed a pretrial motion to 
suppress appellant’s statements to the police.  The trial court held a 
hearing on appellant’s motion to suppress and suppressed appellant’s oral 
statement given in the car, but not his written statement given at the police 
station.  At the trial on punishment, appellant was sentenced to 20 years 
on each count, to be served concurrently.  This appeal followed.
III. Motion to Suppress
        In 
his first point, appellant contends that the trial court erred in overruling his 
motion to suppress his written statement.  Specifically, appellant contends 
that his written statement was coerced and that his statement along with his Miranda 
warning should have been recorded in accordance with the requirements of article 
38.22, section 3 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 38.22, 
§ 3 (Vernon Supp. 2004-05).
Standard of Review
        We 
review a trial court’s denial of a motion to suppress for abuse of discretion. 
Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a 
motion to suppress hearing, the trial court is the trier of fact and the sole 
judge of the credibility of the witnesses and the weight to be given their 
testimony. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 
1997).  When reviewing a trial court's ruling on a motion to suppress, we 
must afford almost total deference to the trial court's application of law to 
fact questions that turn upon an evaluation of the credibility and demeanor of 
the witnesses.  Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. 
App. 1998); Guzman, 955 S.W.2d at 89.  We must view the record 
evidence and all its reasonable inferences in the light most favorable to the 
trial court's ruling and sustain the trial court's ruling if it is reasonably 
supported by the record and is correct on any theory of law applicable to the 
case.  Guzman, 955 S.W.2d at 89.  We review the denial of a 
motion to suppress by giving almost total deference to a trial court's 
determination of historical facts and reviewing de novo the court's application 
of the law.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 
2000). In determining whether a trial court’s decision is supported by the 
record, we generally consider only evidence adduced at the suppression hearing 
because the ruling was based on it rather than evidence introduced later.  Rachal 
v. State, 917 S.W.2d 799, 809 (Tex. Crim. App.), cert. denied, 519 
U.S. 1043 (1996).
Violation of the Code of 
Criminal Procedure
        Appellant 
complains that the trial court erred in denying his motion to suppress the 
statement given to police at the police station because the statement, although 
signed by appellant, was not written by him but was given orally and prepared by 
police for his signature.  Accordingly, appellant contends that the 
statement, although written, is in fact an oral statement and subject to the 
recording requirements contained in article 38.22, section 3 of the Texas Code 
of Criminal Procedure.  Tex. Code 
Crim. Proc. Ann. art. 38.22, § 3.  Further, because his statement 
was given orally, appellate contends that his Miranda warnings should 
have been electronically recorded.
        While 
article 38.22, section 3 does require that to be admissible against the accused, 
both the Miranda warnings and the accused’s oral statement must be 
electronically recorded, appellant’s statement is not an oral statement for 
purposes of article 38.22.  See id. §1 (Vernon 1979), § 3.
        Article 
38.22, section 1 of the Texas Code of Criminal Procedure provides as follows:
  
In this article, a written statement of an accused means a statement signed 
by the accused or a statement made by the accused in his own handwriting or, 
if the accused is unable to write, a statement bearing his mark, when the mark 
has been witnessed by a person other than a police officer.

Id. § 1 (emphasis 
added).
        Courts 
interpret statutes according to the plain meaning of their text unless the 
language is ambiguous or the plain meaning would lead to absurd results.  Dickens 
v. State, 981 S.W.2d 186, 187 (Tex. Crim. App. 1998) (citing Boykin 
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)).  A plain reading 
of the statute unambiguously provides that either a statement signed by the 
accused or a statement made by the accused in his own handwriting is a written 
statement.  See Tex. Code 
Crim. Proc. Ann. art. 38.22, § 1.  The accused need not write the 
statement if he signs it.  See id.
        In 
the present case, it is undisputed that appellant signed the 
statement.  Therefore, we conclude that the statement is a written 
statement and is subject to the requirements for admissibility of written 
statements contained in article 38.22, section 2, not the requirements for oral 
statements contained in article 38.22, section 3.  See id. § 2 
(Vernon 1979), § 3.  Accordingly, neither appellant’s oral statement 
reduced to writing or the Miranda warning need be recorded to be 
admissible.  See id. § 2.
Voluntariness of Statement
        Appellant 
contends that the facts and circumstances surrounding the taking of the written 
statement show that his statement was coerced.  As support for this 
assertion, appellant points out that he was questioned by police while in the 
car on the way to the station, and again while at the station, and that the 
questioning continued after he told police that he was unable to put his 
statement into words.  Further, appellant asserts that he was “emotional 
and traumatized” at the time and that he believes the police were working in 
tandem to coerce his statement.
        A 
suspect's statement may be used against him when it is freely and voluntarily 
made without compulsion or persuasion.  See Tex. Code Crim. Proc. Ann. art. 38.21 
(Vernon 1979); Campos v. State, 977 S.W.2d 458, 464 (Tex. App.—Waco 
1998, no pet.).  A statement is not voluntary if there was “official, 
coercive conduct of such a nature that any statement obtained thereby was 
unlikely to have been the product of an essentially free and unconstrained 
choice by its maker.”  Alvarado v. State, 912 S.W.2d 199, 211 
(Tex. Crim. App. 1999).  Whether a suspect's statement is voluntary is 
determined from the totality of the circumstances surrounding the giving of his 
statement.  See Penry v. State, 903 S.W.2d 715, 748 (Tex. Crim. 
App.), cert. denied, 516 U.S. 977 (1995).
        Evidence 
at the pretrial suppression hearing was presented entirely through the testimony 
of Benbrook police officers Urban Simonds and Arden Campbell. Officers Simonds 
and Campbell arrested appellant at his place of employment.  Officer 
Campbell testified that when appellant was arrested, appellant was read his Miranda 
rights from a card, and appellant signed the Miranda card indicating that 
he understood his Miranda rights.  During the drive to the police 
station, Officer Simonds questioned appellant and appellant made certain 
incriminating statements.  At the police station, appellant was once again 
given Miranda warnings and signed a second Miranda card.  
Officer Campbell testified that after giving appellant his second Miranda 
warning, he asked appellant if he would like to give a statement, and appellant 
replied that he did not think he could put his statement into words.  
Officer Campbell testified that he then completed the booking of appellant, told 
Officer Simonds what appellant had said, and leaving appellant in the 
book-in-room, went to his cubicle.
        Officer 
Simonds testified that after Officer Campbell told him what appellant had said, 
he went to see appellant in the booking area, and appellant told him he just did 
not feel like he could write a statement himself.  Officer Simonds 
testified that he informed appellant that he did not have to write the statement 
himself, that police could type it for him, and that appellant then indicated he 
would appreciate the police doing so.  Officer Simonds testified that he 
then delivered appellant to Officer Campbell, indicating to Officer Campbell 
that appellant wished to make a statement.
        Officer 
Campbell testified that after Officer Simonds brought appellant to him, he gave 
appellant a third Miranda warning and asked appellant if he wished to 
give a written statement.  Officer Campbell then took appellant’s 
statement, typing the statement as it was given to him orally by 
appellant.  Officer Campbell stated that once the statement was typed, 
appellant was given an opportunity to review the statement and to make any 
changes or corrections.  Appellant signed and dated the statement in the 
presence of Officers Simonds and Campbell, with Officer Simonds signing the 
statement as a witness.
        Both 
Officers Campbell and Simonds testified that they did not make any promises to 
appellant for his statement, nor did they threaten him or do anything to coerce 
appellant to give a statement.  Further, both officers testified that 
appellant did not indicate to them that he wanted counsel.
        At 
the conclusion of the pretrial hearing, the trial court suppressed the oral 
statement given in the car but found the written statement given at the station 
to be admissible.  Even if we accept appellant’s contention that he was 
“emotional and traumatized,” and that police worked in tandem to obtain a 
statement from him, we find no abuse of discretion because the evidence suggests 
that the statement was freely and voluntarily given without compulsion or 
persuasion.  See Campos, 977 S.W.2d at 464.  The trial court is 
the sole finder of fact, and its findings will not be disturbed on appeal if 
there is any supporting evidence.  See Carrasco v. State, 712 S.W.2d 
120, 122 (Tex. Crim. App. 1986).  Because there is evidence that 
appellant’s written statement was voluntary, we hold that the trial court did 
not abuse its discretion in denying appellant’s motion to suppress.  We 
overrule appellant’s first point.
IV. Jury Charge
        In 
his second point, appellant contends that the trial court erred by including 
parole language in the jury charge as required by article 37.07, section 4 of 
the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 4 (Vernon Supp. 2004-05).  Specifically, appellant contends that the 
required instruction violates the due process of law provision contained in the 
fifth and fourteenth amendments to the United States Constitution and the due 
course of law clause contained in article 1, section 19 of the Texas 
Constitution.
        Article 
37.07(4)(b) of the Texas Code of Criminal Procedure requires the trial court to 
submit a parole instruction to the jury at the punishment stage of trial and 
sets out the exact instruction to be submitted.  See Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 4(b) (Vernon Supp. 2004-05).  Here, the court’s instruction on parole 
law in the jury charge tracked the exact language of the statutory 
instruction.  See id.  The parole charge is mandatory, and the 
trial court has no discretion to avoid the statutory requirement that it be 
submitted to the jury.  See Luquis v. State, 72 S.W.3d 355, 363 
(Tex. Crim. App. 2002); Washington v. State, 59 S.W.3d 260, 266 (Tex. 
App.—Texarkana 2001, pet. ref’d).  Moreover, various constitutional 
challenges to the mandated parole charge have been rejected in Texas 
courts.  See, e.g., Luquis, 72 S.W.3d at 364 (parole instruction as 
sanctioned in article 37.07(4)(a) does not violate the due course of law 
provision in article I, section 19 of the Texas Constitution or the federal 
constitution’s due process clause); Washington, 59 S.W.3d at 266-67 
(mandatory charge prescribed by article 37.07, section 4(b) does not violate 
right to due process and due course of law under United States and Texas 
Constitutions).  Further, appellant concedes that Luquis v. State is 
directly on point and contrary to appellant’s contention.  See 72 
S.W.3d at 364.
        Accordingly, 
we hold that the trial court did not err in giving the statutorily required 
instruction. Appellant’s second point is overruled.
V. Evidence of Extraneous Offenses
        In 
his third point, appellant contends that the trial court erred when it allowed 
the admission of testimony regarding extraneous offenses in violation of 
appellant’s due process rights under the fifth and fourteenth amendments to 
the United States Constitution, article 1, section 19 of the Texas Constitution, 
and article 1.03(5) of the Texas Code of Criminal Procedure.  U.S. Const. amends. V, XIV; Tex. Const. art. I, § 19; Tex. Code Crim. Proc. Ann. art. 1.03(5) 
(Vernon 2003).  Specifically, appellant contends that the trial court erred 
when it allowed testimony that appellant both used and grew marijuana.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070 (1999).  
Further, the trial court must have ruled on the request, objection, or motion, 
either expressly or implicitly, or the complaining party must have objected to 
the trial court's refusal to rule.  Tex. 
R. App. P. 33.1(a)(2).  To preserve error, a party must continue to 
object each time the objectionable evidence is offered.  Fuentes v. 
State, 991 S.W.2d 267, 273 (Tex. Crim. App.), cert. denied, 528 U.S. 
1026 (1999); Ethington v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 
1991).  A trial court's erroneous admission of evidence will not require 
reversal when other such evidence was received without objection, either before 
or after the complained-of ruling.  Leday v. State, 983 S.W.2d 713, 
718 (Tex. Crim. App. 1998).  This rule applies whether the other evidence 
was introduced by the defendant or the State.  Id.
        In 
the present case, although appellant objected to the admission of his written 
statement,[2] which contained an admission by 
appellant that he was not thinking clearly at the time of the assault because he 
had been smoking marijuana and drinking, appellant failed to object when the 
State elicited testimony from the complainant indicating that she believed she 
saw appellant using marijuana on the night of the assault and that appellant 
both used and grew marijuana.  In addition, appellant elicited testimony 
regarding his marijuana use when he asked the complainant during 
cross-examination if she knew why her father smoked marijuana.  Further, on 
direct examination appellant allowed Dr. Cathal Grant to refer to appellant’s 
use of marijuana in his answer.
        Accordingly, 
we hold that appellant failed to preserve error, if any, in the admission by the 
trial court of evidence that appellant used or grew marijuana.  
Appellant’s third point is overruled.
VI. Conclusion
        Because 
we overrule appellant’s three points, we affirm the trial court’s judgment.
    
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
  
PANEL B:   HOLMAN, 
WALKER, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 9, 2004

 
NOTES
1.  See 
Tex. R. App. P. 47.4.
 
2.  At 
trial, appellant objected to the trial court’s admission of his written 
statement by referring to the court’s pretrial rulings. In the pretrial 
suppression hearing, appellant objected to the admission of the written 
statement and asked the court to rule on his Rule 401 and 403 objections.  
The court overruled appellant’s objections.