Anthony Craig Oliver v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-525-CR

ANTHONY CRAIG OLIVER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Anthony Craig Oliver appeals from his conviction for sexual assault of a child under the age of 17.  
In three points on appeal, appellant complains that the trial court erred by 
(1) overruling his motion to suppress, (2) including language about parole laws in its charge to the jury, and (3) admitting evidence of extraneous offenses.  We will affirm. 

II. Factual and Procedural Background

Appellant’s daughter reported to police that appellant had sexually assaulted her.  The police then arrested appellant, read him his 
Miranda
 rights, and transported him to the Benbrook Police Department.  The police questioned appellant both on the way to the police station and after arrival.  During the questioning, appellant made certain incriminating statements to the police, ultimately signing a written confession.

Appellant was charged with three counts of sexually assaulting his fourteen-year-old daughter.  He originally pleaded not guilty but changed his plea to guilty at trial.  Appellant’s defense counsel had filed a pretrial motion to suppress appellant’s statements to the police.  The trial court held a hearing on appellant’s motion to suppress and suppressed appellant’s oral statement given in the car, but not his written statement given at the police station.  At the trial on punishment, appellant was sentenced to 20 years on each count, to be served concurrently.  This appeal followed.

   
III. Motion to Suppress

In his first point, appellant contends that the trial court erred in overruling his motion to suppress his written statement.  Specifically, appellant contends that his written statement was coerced and that his statement along with his 
Miranda
 warning should have been recorded in accordance with the requirements of article 38.22, section 3 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 3 (Vernon Supp. 2004-05).

 
 
Standard of Review

We review a trial court’s denial of a motion to suppress for abuse of discretion. 
 Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). At a motion to suppress hearing, the trial court is the trier of fact and the sole judge of the credibility of the witnesses and the weight to be given their testimony. 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When reviewing a trial court's ruling on a motion to suppress, we must afford almost total deference to the trial court's application of law to fact questions that turn upon an evaluation of the credibility and demeanor of the witnesses. 
 Loserth v. State
, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998); 
Guzman
, 955 S.W.2d at 89. We must view the record evidence and all its reasonable inferences in the light most favorable to the trial court's ruling and sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. 
Guzman
, 955 S.W.2d at 89. We review the denial of a motion to suppress by giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law. 
 Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  In determining whether a trial court’s decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996). 

Violation of the Code of Criminal Procedure

Appellant complains that the trial court erred in denying his motion to suppress the statement given to police at the police station because the statement, although signed by appellant, was not written by him but was given orally and prepared by police for his signature.  Accordingly, appellant contends that the statement, although written, is in fact an oral statement and subject to the recording requirements contained in article 38.22, section 3 of the Texas Code of Criminal Procedure.
  Tex. Code Crim. Proc. Ann.
 art. 38.22, § 3.
  Further, because his statement was given orally, appellate contends that his 
Miranda
 warnings should have been electronically recorded.

While article 38.22, section 3 does require that to be admissible against the accused, both the 
Miranda
 warnings and the accused’s oral statement must be electronically recorded, appellant’s statement is not an oral statement for purposes of article 38.22. 
 See id.
 §1 (Vernon 1979), § 3.

Article 38.22, section 1 of the Texas Code of Criminal Procedure provides as follows:

In this article, a written statement of an accused means 
a statement signed by the accused or a statement made by the accused in his own handwriting 
or, if the accused is unable to write, a statement bearing his mark, when the mark has been witnessed by a person other than a police officer.

Id
.
 
§ 1 (emphasis added). 

Courts interpret statutes according to the plain meaning of their text unless the language is ambiguous or the plain meaning would lead to absurd results. 
 Dickens v. State
, 981 S.W.2d 186, 187 (Tex. Crim. App. 1998) (
citing
 
Boykin v. State
,
 
818 S.W.2d 782, 785 (Tex. Crim. App. 1991)).  A plain reading of the statute unambiguously provides that either a statement signed by the accused or a statement made by the accused in his own handwriting is a written statement. 
 See
 
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 1.  The accused need not write the statement if he signs it. 
 See
 
id
. 

In the present case, it is undisputed that appellant 
signed
 the statement. Therefore, we conclude that the statement is a written statement and is subject to the requirements for admissibility of written statements contained in article 38.22, section 2, not the requirements for oral statements contained in article 38.22, section 3.  
See 
id
. §
 
2 (Vernon 1979), § 3.  
Accordingly, neither appellant’s oral statement reduced to writing or the 
Miranda
 warning need be recorded to be admissible. 
 See
 
id
. § 2.

Voluntariness of Statement

Appellant contends that the facts and circumstances surrounding the taking of the written statement show that his statement was coerced.  As support for this assertion, appellant points out that he was questioned by police while in the car on the way to the station, and again while at the station, and that the questioning continued after he told police that he was unable to put his statement into words.  Further, appellant asserts that he was “emotional and traumatized” at the time and that he believes the police were working in tandem to coerce his statement.

A suspect's statement may be used against him when it is freely and voluntarily made without compulsion or persuasion.  
See
 
Tex. Code Crim. Proc. Ann
. art. 38.21 (Vernon 1979); 
Campos v. State
, 977 S.W.2d 458, 464 (Tex. App.—Waco 1998, no pet.).  A statement is not voluntary if there was “official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker.”  
Alvarado v. State
, 912 S.W.2d 199, 211 (Tex. Crim. App. 1999). Whether a suspect's statement is voluntary is determined from the totality of the circumstances surrounding the giving of his statement.  
See Penry v. State
, 903 S.W.2d 715, 748 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 977 (1995).

Evidence at the pretrial suppression hearing was presented entirely through the testimony of Benbrook police officers Urban Simonds and Arden Campbell. Officers Simonds and Campbell arrested appellant at his place of employment.  Officer Campbell testified that when appellant was arrested, appellant was read his 
Miranda
 rights from a card, and appellant signed the 
Miranda
 card indicating that he understood his 
Miranda
 rights. 
 
During the drive to the police station, Officer Simonds questioned appellant and appellant made certain incriminating statements.  
At the police station, appellant was once again given 
Miranda 
warnings and signed a second 
Miranda
 card.  Officer Campbell testified that after giving appellant his second 
Miranda
 warning, he asked appellant if he would like to give a statement, and appellant replied that he did not think he could put his statement into words.  Officer Campbell testified that he then completed the booking of appellant, told Officer Simonds what appellant had said, and leaving appellant in the book-in-room, went to his cubicle.

Officer Simonds testified that after Officer Campbell told him what appellant had said, he went to see appellant in the booking area, and appellant told him he just did not feel like he could write a statement himself.  Officer Simonds testified that he informed appellant that he did not have to write the statement himself, that police could type it for him, and that appellant then indicated he would appreciate the police doing so.  Officer Simonds testified that he then delivered appellant to Officer Campbell, indicating to Officer Campbell that appellant wished to make a statement.

Officer Campbell testified that after Officer Simonds brought appellant to him, he gave appellant a third 
Miranda
 warning and asked appellant if he wished to give a written statement.  Officer Campbell then took appellant’s statement, typing the statement as it was given to him orally by appellant.  Officer Campbell stated that once the statement was typed, appellant was given an opportunity to review the statement and to make any changes or corrections. Appellant signed and dated the statement in the presence of Officers Simonds and Campbell, with Officer Simonds signing the statement as a witness. Both Officers Campbell and Simonds testified that they did not make any promises to appellant for his statement, nor did they threaten him or do anything to coerce appellant to give a statement.  Further, both officers testified that appellant did not indicate to them that he wanted counsel. 
At the conclusion of the pretrial hearing, the trial court suppressed the oral statement given in the car but found the written statement given at the station to be admissible.  Even if we accept appellant’s contention that he was “emotional and traumatized,” and that police worked in tandem to obtain a statement from him, we find no abuse of discretion because the evidence suggests that the statement was freely and voluntarily given without compulsion or persuasion. 
 See Campos
, 977 S.W.2d at 464.
  The trial court is the sole finder of fact, and its findings will not be disturbed on appeal if there is any supporting evidence. 
 See Carrasco v. State
, 712 S.W.2d 120, 122 (Tex. Crim. App. 1986).  Because there is evidence that appellant’s written statement was voluntary, we hold that the trial court did not abuse its discretion in denying appellant’s motion to suppress.  We overrule appellant’s first point.   

IV. Jury Charge

In his second point, appellant contends that the trial court erred by including parole language in the jury charge as required by article 37.07, section 4 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 4 (Vernon Supp. 2004-05).
  Specifically, appellant contends that the required instruction violates the due process of law provision contained in the fifth and fourteenth amendments to the United States Constitution and the due course of law clause contained in article 1, section 19 of the Texas Constitution.

Article 37.07(4)(b) of the Texas Code of Criminal Procedure requires the trial court to submit a parole instruction to the jury at the punishment stage of trial and sets out the exact instruction to be submitted. 
 See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 4(b) (Vernon Supp. 2004-05).  Here, the court’s instruction on parole law in the jury charge tracked the exact language of the statutory instruction. 
 See id
.
  
The parole charge is mandatory, and the trial court has no discretion to avoid the statutory requirement that it be submitted to the jury. 
 See Luquis v. State
, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002); 
Washington v. State
, 59 S.W.3d 260, 266 (Tex. App.—Texarkana 2001, pet. ref’d).  Moreover, various constitutional challenges to the mandated parole charge have been rejected in Texas courts. 
 See, e.g., Luquis
, 72 S.W.3d at 364 (parole instruction as sanctioned in article 37.07(4)(a) does not violate the due course of law provision in article I, section 19 of the Texas Constitution or the federal constitution’s due process clause); 
Washington
, 59 S.W.3d at 266-67 (mandatory charge prescribed by article 37.07, section 4(b) does not violate right to due process and due course of law under United States and Texas Constitutions).  Further, appellant concedes that 
Luquis v. State 
is directly on point and contrary to appellant’s contention. 
 See 
72 S.W.3d at 364. Accordingly, we hold that the trial court did not err in giving the statutorily required instruction.  Appellant’s second point is overruled. 

V. Evidence of Extraneous Offenses

In his third point, appellant contends that the trial court erred when it allowed the admission of testimony regarding extraneous offenses in violation of appellant’s due process rights under the fifth and fourteenth
 amendments to the United States Constitution, article 1, section 19 of the Texas Constitution, and article 1.03(5) of the Texas Code of Criminal Procedure.  
U.S. Const
. amends. V, XIV; 
Tex. Const
. art. I, § 19
; Tex. Code Crim. Proc. Ann.
 art. 1.03(5) (Vernon 2003).
  Specifically, appellant contends that the trial court erred when it allowed testimony that appellant both used and grew marijuana.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. 
 Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), 
cert. denied,
 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. 
 Tex. R. App. P.
 33.1(a)(2).  To preserve error, a party must continue to object each time the objectionable evidence is offered. 
 Fuentes v. State,
 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 1026 (1999); 
Ethington v. State,
 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.  
Leday v. State,
 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  This rule applies whether the other evidence was introduced by the defendant or the State. 
 Id.

 In the present case, although appellant objected to the admission of his written statement,
(footnote: 2) which contained an admission by appellant that he was not thinking clearly at the time of the assault because he had been smoking marijuana and drinking, appellant failed to object when the State elicited testimony from the complainant indicating that she believed she saw appellant using marijuana on the night of the assault and that appellant both used and grew marijuana.  In addition, appellant elicited testimony regarding his marijuana use when he asked the complainant during cross-examination if she knew why her father smoked marijuana.  Further, on direct examination appellant allowed Dr. Cathal Grant to refer to appellant’s use of marijuana in his answer.

Accordingly, we hold that appellant failed to preserve error, if any, in the admission by the trial court of evidence that appellant used or grew marijuana. 
Appellant’s third point is overruled.

VI. Conclusion

Because we overrule appellant’s three points, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 9, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
At trial, appellant objected to the trial court’s admission of his written statement by referring to the court’s pretrial rulings.  In the pretrial suppression hearing, appellant objected to the admission of the written statement and asked the court to rule on his Rule 401 and 403 objections.  The court overruled appellant’s objections.