IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00062-CR

No. 10-09-00063-CR

 

P. David Romei,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District
Court

Brazos County, Texas

Trial Court Nos. 07-04489-CRF-361
and 07-04491-CRF-361

 



MEMORANDUM  Opinion



 

            In Cause No. 10-09-00062-CR,
the jury convicted David Romei of theft of property with a value $1500 or more
but less than $20,000.  Tex. Penal Code
Ann. § 31.03 (Vernon Pamph. 2010).  The jury assessed punishment at 2
years in prison and a $5000 fine.  Imposition of the sentence was suspended,
and Romei was placed on community supervision for 5 years.  Romei was also
ordered to pay $268,000 in restitution.  In Cause No. 10-09-00063-CR, the jury
convicted Romei of misapplication of fiduciary property with a value $500 or
more but less than $1500.  Tex. Penal
Code Ann. § 32.45 (Vernon Pamph. 2010).  The jury assessed punishment at
a $750 fine only.  We affirm Cause No. 10-09-00062-CR, and we reverse the
judgment in Cause No. 10-09-00063-CR and remand for a new trial.

Cause No. 10-09-00062-CR

Romei brings
four issues on appeal in Cause No. 10-09-00062-CR challenging the legal
sufficiency of the evidence.  In reviewing the legal sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.
2d 560 (1979); Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  Furthermore, we must
consider all the evidence admitted at trial, even improperly admitted evidence,
when performing a legal sufficiency review.  Clayton v. State, 235 S.W.3d
at 778; Moff v. State, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004). 
The standard of review is the same for direct and circumstantial evidence
cases; circumstantial evidence is as probative as direct evidence in
establishing an actor’s guilt.  Clayton v. State, 235 S.W.3d at 778; Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Facts

David Romei
served as executive director of the Arts Council of Brazos Valley.  The Arts
Council had a contract with the City of College Station that included a funding
agreement.  Any changes to the contract were required to be in writing by a
formal change order.  

The Arts Council
commissioned many outdoor art exhibits including a firefighter statue.  Romei
testified that Tom Brymer, City Manager for College Station, approached him
about providing lights for the firefighter statue so that it would be more
visible at night.  Romei himself estimated the cost of installing the lights to
be $7400 and gave that amount to Brymer as the cost of the job.  The City of
College Station prepared a written change order on November 16, 2004 for the
lighting improvements on the firefighter statue in the amount of $7400.  

On December 1,
2004, the City of College Station sent the money to the Arts Council by wire
transfer as part of a previously scheduled payment.  The Arts Council received
the payment of $7400 that day from the City of College Station, and the funds
were recorded as miscellaneous income for consulting services.  Also on that
day, the Arts Council issued Romei a check for $7400.  The check was paid out
of the miscellaneous income account and recorded as a consulting fee paid by
College Station as personal income for Romei.

Britt Rice, an
electrical contractor, testified that he met with Romei on April 11, 2005 to
discuss the lighting for the firefighter statue.  Rice completed the
installation of the lights in April 2005.  Rice did not bill the Arts Council
for the job, but provided the parts and labor free of charge.  Rice stated that
had he billed the Arts Council for the job, the cost would have been $421.  

Romei testified
that before the City of College Station transferred the money to the Arts
Council, he knew that Rice was not going to charge for the lighting project. 
Romei learned that the city of College Station had paid a $10,000 consulting
fee to another person, and he felt that he had been “used” by the city because
he had provided numerous hours of his time free of charge.  Romei contacted
Brymer and told him Rice was not going to charge for the project.  Romei
testified that he asked Brymer if he could keep the $7400 as a personal
consulting fee.  Romei stated that Brymer had “no problem” with Romei keeping
the funds.  Romei instructed his chief of staff, Amie McCoy, to record the
money as a consulting fee and issue Romei a check for $7400.

  Brymer
testified at trial that it was his idea to have lights installed on the
firefighter statue.  Brymer said that he asked Romei about the lights, and
Romei said it would be expensive.  Brymer asked Romei to get an estimate and
process a change order for the lights.  Brymer testified that he understood the
$7400 was to be used for lighting and that there was no other agreement between
him and Romei as to the use of the money.  

Brymer further
testified that the City of College Station had numerous committees with
citizens of the community serving on those committees as volunteers.  Romei was
on the City Center Committee.  Romei was a volunteer on the committee and not
paid to serve.  

Netta Simek,
previous board member and president of the Arts Council, testified that she was
not aware Romei received the consulting fee from the City of College Station or
that he was employed by the city as a consultant.  

Theft By Deception

A person commits
theft if he unlawfully appropriates property with intent to deprive the owner
of the property.  Tex. Penal Code Ann.
§ 31.03(a) (Vernon Pamph. 2010).  Appropriation of property is unlawful if it
is without the owner’s effective consent.  Tex.
Penal Code Ann. § 31.03(b)(1) (Vernon Pamph. 2010).  Consent is not
effective if it is induced by deception.  Tex.
Penal Code Ann. § 31.01(3)(A) (Vernon Pamph. 2010).  Deception means:

(A) creating or confirming by words or
conduct a false impression of law or fact that is likely to affect the judgment
of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false
impression of law or fact that is likely to affect the judgment of another in
the transaction, that the actor previously created or confirmed by words or
conduct, and that the actor does not now believe to be true;

(C) preventing another from acquiring
information likely to affect his judgment in the transaction;

(D) selling or otherwise transferring or
encumbering property without disclosing a lien, security interest, adverse
claim, or other legal impediment to the enjoyment of the property, whether the
lien, security interest, claim, or impediment is or is not valid, or is or is
not a matter of official record;  or

(E) promising performance that is likely
to affect the judgment of another in the transaction and that the actor does
not intend to perform or knows will not be performed, except that failure to
perform the promise in issue without other evidence of intent or knowledge is not
sufficient proof that the actor did not intend to perform or knew the promise
would not be performed.  

 

 Tex.
Penal Code Ann. § 31.01(1)(A)-(E) (Vernon Pamph. 2010).   

The indictment
alleged that Romei committed theft by deception in that he represented that
$7400 was needed for lighting for a firefighter statue when it was in fact for
his personal use.  Romei argues in his first issue on appeal that the evidence
is insufficient to show that the owner’s consent was induced by deception. 
Romei argues in his second issue on appeal that the evidence is insufficient to
prove intent to commit theft by deception due to Romei’s performance under the
contract. 

Romei argues
that this is a claim of theft arising out of a contract dispute that requires
proof of more than an intent to deprive the owner of property and the
subsequent appropriation of property.  Romei states that a claim in connection
with a contract requires proof of the false pretext of fraud to become criminal
conduct.  Romei cites Jacobs v. State, 230 S.W.3d 225, 230 (Tex.
App.—Houston [14th Dist] 2006, no pet.) stating that the critical distinction
between conduct that is criminal versus civil in nature is whether the record
shows deception and not merely a failure to perform.  If a contract is partially
or substantially performed, then intent to commit theft through deception is
not shown by the evidence.  Jacobs v. State, 230 S.W.3d at 231.  

Romei
represented to the City of College Station that installing lights on the statue
would cost $7400.  The estimate was based upon Romei’s experience and not that
of an electrical contractor.  Based upon Romei’s representation, the City of
College Station executed a change order for $7400 that was specifically
designated for the installation of lights on the statue.  Romei testified that
before the City of College Station transferred the money pursuant to the change
order, he knew that the electrical contractor was providing the service free of
charge and that $7400 was not needed for the lighting project.  Romei testified
that Brymer, as a representative for the City of College Station, agreed that
Romei could keep the money as a consulting fee.  Brymer testified that he and
Romei did not have any other agreement about the money and that he did not
remember having a conversation with Romei about a consulting fee.  Brymer
understood that the $7400 was spent on lighting for the statue. 

The jurors are
the exclusive judges of the facts, the credibility of the witnesses, and the
weight given to testimony.  Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000).  A jury is entitled to accept one version of the facts and
reject another and to reject any part of a witness’s testimony.  See id.

There is no
dispute that the City of College Station wanted lights for the firefighter
statue and entered into a contract with Romei as executive director of the Arts
Council to obtain the lights.  There is no dispute that lights were installed
at the firefighter statue several months after the change order was entered.  Unlike
Jacobs this is not an issue of failure to perform.

 There is
sufficient evidence to show that Romei obtained $7400 from the City of College
Station by deception.  Romei represented that $7400 was necessary to install
lights for the statue; however, at the time of the transfer of the $7400, Romei
knew the money was not to be used for its designated purpose.  Romei instructed
his staff to designate the $7400 as a consulting fee and to issue Romei a
personal check from an income account rather than an expense account.  The
designation in effect concealed the transaction from the Arts Council board of
directors.  The City of College Station gave the money to the Arts Council for
the use of the Arts Council and not for Romei’s personal compensation.  The City
of College Station was unaware the money was for Romei’s personal
compensation.  We overrule Romei’s first and second issues on appeal.  

Consent

            Romei argues in his third
issue on appeal that the evidence is insufficient to show that Brymer did not consent
to Romei keeping the $7400 as a consulting fee.  Romei states in his brief that
Brymer’s inability to remember whether he authorized a consulting fee renders
the evidence legally insufficient.  

On
cross-examination, Romei’s attorney questioned Brymer extensively about his
conversation with the district attorney’s investigator.  Brymer told the
investigator that he did not remember a conversation with Romei authorizing
Romei to keep the $7400 as a consulting fee rather than its designated purpose
of lighting for the firefighter statue.  Brymer testified on direct examination
that the $7400 was to be spent for lighting and that there was no other
agreement between himself and Romei for the use of the money. 

Any changes to
the contract between the Arts Council and the City of College Station were
required to be in writing in a formal change order.  Romei did not submit a
bill for consulting services to the City of College Station, and there is no
written change order authorizing the funds for that use.  Romei contends that
he and Brymer had an oral agreement allowing him to keep the $7400 as a
consulting fee.  Brymer testified that there was no other agreement for the use
of the funds.  The jury was the sole judge of the credibility of the witnesses
and the weight to be given their testimony.  Adelman v. State, 828
S.W.2d at 421.  The jury may choose to believe or disbelieve all or any part of
any witness's testimony.  Sharp v. State, 707 S.W.2d at 614.  The
evidence is sufficient to show that Romei appropriated the money without
consent of the owners.  We overrule Romei’s third issue.

Contractual Relationship

            In his fourth issue, Romei
argues that the evidence is legally insufficient to show that he was in a
contractual relationship with the government.  Theft of property with a value
of $1500 or more but less than $20,000 is a state jail felony.  Tex. Penal Code Ann. § 31.03(e)(4)(A)
(Vernon Pamph. 2010).  The penalty range is increased to the next higher
category of offense if it is shown that the actor was in a contractual
relationship with the government at the time of the offense and the property
appropriated came into the actor’s custody, possession, or control by virtue of
the contractual relationship.  Tex.
Penal Code Ann. § 31.03(f)(2) (Vernon Pamph. 2010).  

            Romei contends that the Arts
Council and the City of College Station have a contractual relationship and
that his only relationship to those parties was his status as an employee of
the Arts Council.  Romei maintains that the contract and change order in
question were between the Arts Council and the City of College Station.  

            The Arts Council is a Texas
nonprofit corporation.  Romei served as executive director of the Arts Council.
An individual is criminally responsible for conduct that he performs in the
name of or in behalf of a corporation or association to the same extent as if
the conduct were performed in his own name or behalf.  Tex. Penal Code Ann. § 7.23(a) (Vernon 2003).  

            Romei signed funding
agreements between the Arts Council and The City of College Station on behalf
of the Arts Council.  Romei signed the change order authorizing the $7400 to
install lights on the firefighter statue on behalf of the Arts Council.  We
find the evidence is sufficient to support a finding that Romei was in a
contractual relationship with the government.  We overrule Romei’s fourth issue
on appeal.  

Cause No. 10-09-00063-CR

            Romei brings two issues on
appeal for his conviction of misapplication of fiduciary property.  Romei
argues that the evidence is legally insufficient to support his conviction and
also that his misdemeanor conviction is barred by the statute of limitations.  

Romei was
convicted of misapplication of fiduciary property in trial court Cause No.
07-04491-CRF-361.  For that cause number, the jury assessed Romei’s punishment
at a $750 fine, and the trial court imposed the sentence on January 12, 2009. 
Romei was convicted of theft in trial court Cause No. 07-04489-CRF-361.  At the
sentencing hearing, the trial court stated that for trial court Cause No.
07-04489-CRF-361, Romei would be assessed a fine of $750 and that payment was a
condition of felony community supervision.  Romei paid the fine and court costs
the day after sentencing, but prior to filing his notice of appeal. 

Mootness

The State has
filed a motion to dismiss this appeal for lack of jurisdiction because it
contends that when Romei voluntarily paid the $750 fine, the sentence was
discharged and therefore, there was nothing from which to appeal.  Upon
pronouncing sentence against Romei, the trial court stated that the payment of
the fine would be a condition of his community supervision for the felony
offense.  The trial court indicated weeks later that it was not its intent that
the fine be made a condition of his felony community supervision; however, the
oral pronouncement was clear even if it was not what the trial court
intended.    

A trial court’s
pronouncement of sentence is oral, while the judgment, including the sentence
assessed, is the written declaration and embodiment of that oral
pronouncement.  Tex. Code Crim. Proc.
Ann. art. 42.01, § 1 (West 2006); see Ex parte Madding, 70 S.W.3d
131, 135 (Tex. Crim. App. 2002).  When the court’s written judgment diverges
from the court’s oral pronouncement of sentence, the oral pronouncement
controls.  Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)
(because oral pronouncement of sentence is the appealable event, no deviations
in the written judgment can supersede the sentence pronounced in open court). 
Because the trial court’s oral pronouncement of sentence made the payment of
the fine a condition of his felony community supervision, the appeal of the
conviction is not moot.

Misapplication of Fiduciary Property[1]

Romei was
indicted for the felony offense of misappropriation of fiduciary property of
$1500 or more but less than $20,000 on August 23, 2007.  The State alleged four
separate incidents which it sought to aggregate to reach the felony amount. 
Three political contributions were made to separate individuals, each in the
amount of $250, on or about May 10, 2002.  A fourth incident was alleged for a
political contribution made on or about October 19, 2005 in the amount of
$1000.  The jury did not find Romei guilty of the aggregated felony offense but
did find him guilty of the lesser-included offense of misapplication of
fiduciary property in an amount of $500 or more but less than $1500.  Both of
Romei’s complaints about this conviction are based on his argument that the
three $250 contributions constituted one criminal act and therefore must be
considered as an aggregated total of $750, not three separate contributions of
$250.

Romei complains
in his first issue in trial court Cause No. 07-04489-CRF-361 that the evidence
was legally insufficient for the jury to have determined that there was more
than a single allegation of misapplication or one continuous scheme or course
of conduct.  Romei contends that the three $250 contributions together
constituted a single allegation because he sought reimbursement for them
jointly and that the 2005 contribution constituted a single allegation and,
because the felony offense required a continuous scheme or course of conduct,
neither could stand alone pursuant to the trial court’s charge.  Thus, he
contends that because the jury found him guilty of the misdemeanor offense and
not the felony offense, the evidence is then necessarily legally insufficient
for the jury to have found him guilty as there could not have been a
combination of misapplications or the jury would have convicted him of the
felony offense. 

Pursuant to
section 32.45 of the Penal Code, the elements for misapplication of fiduciary
property are (1) the defendant, (2) intentionally, knowingly, or recklessly,
(3) misapplies, (4) property he holds as a fiduciary or property of a financial
institution, (5) in a manner that involves substantial risk of loss, (6) to the
owner of the property or to a person for whose benefit the property is held.  Tex. Penal Code Ann. § 32.45(b) (West
2010).  Section 32.03 provides that “[w]hen amounts are obtained … pursuant to
one scheme or continuing course of conduct, whether from the same or several
sources, the conduct may be considered as one offense and the amounts
aggregated in determining the grade of offense.”  Tex. Penal Code Ann. § 32.03 (West 2010).

Section 32.03
creates a separate offense of aggregate misapplication of fiduciary property,
similar to section 31.09 which creates a separate offense for aggregate theft. 
See generally Montgomery v. State, 91 S.W.3d 426, 430 n.2 (Tex.
App.—Eastland 2002, pet. ref’d) (aggregation for fraud pursuant to section
32.03 compared with aggregation for theft pursuant to section 31.09); Dickens
v. State, 981 S.W.2d 186, 188 (Tex. Crim. App. 1998) (en banc) (aggregated
theft).

In determining whether section 31.09
creates a separate offense from each theft, the Court of Criminal Appeals held
in Dickens that “[a]ggregated theft is the sum of all of its parts.  A
part is a completed theft whose elements have all been proven.  The amount obtained
in each part may be aggregated in determining the grade of the one aggregated
offense.”  Dickens, 981 S.W.2d at 188.

Each of the four offenses alleged a
separate act of misappropriation pursuant to section 32.45, which were
presented to the jury as lesser-included offenses of the aggregated
misapplication of fiduciary property.  The charge allowed the jury to find
Romei guilty of each offense individually or by aggregating the amounts if the
jury determined that the misapplications were committed pursuant to one scheme
or continuing course of conduct in whatever total amount of the lesser offenses
of which it determined Romei was guilty.  The jury found Romei guilty of a
lesser-included offense.  

Romei contends that the jury could not
have found him guilty of the 2005 contribution and less than all of the 2002
contributions, which would have reached the aggregate amount required to
convict him of the felony.  He also contends that the 2002 contributions
constituted one misapplication only, and therefore there could be no continuous
scheme or course of conduct since the jury found him guilty of the misdemeanor
offense.  However, Romei does not challenge the legal sufficiency of the
evidence as to each offense individually, but solely as it relates to section
32.03 for purposes of aggregation.  

We find that the evidence was legally
sufficient for the jury to have determined that Romei committed each of the
offenses individually.  Romei admitted to making the 2002 contributions as well
as the $1000 reimbursement for the 2005 contribution.  The charge was a general
charge and, as more fully discussed in the harm analysis for Romei’s second
issue below, it is therefore impossible to determine which offense or
combination of offenses the jury convicted him of.  But, we cannot say that the
evidence was legally insufficient on any of the four offenses alleged.  We
overrule issue one. 

Denial of Jury Instruction on the
Statute of Limitations 

In his second
issue, Romei complains that the trial court abused its discretion by refusing
to submit an instruction to the jury on the statute of limitations.  Romei
filed a pretrial motion to dismiss pursuant to article 27.08(2) of the Code of
Criminal Procedure, arguing that the three incidents in 2002 were outside of the
statute of limitations.  Romei’s motion to dismiss was denied.  At trial, there
was testimony that the three contributions were made in 2002, as alleged in the
indictment.  There was also testimony regarding the contribution in 2005. 
Romei requested an instruction regarding the statute of limitations in the jury
charge, which the judge denied.  The jury acquitted Romei of the greater
offense, but convicted him of the lesser-included offense of misapplication of
fiduciary property of $500 or more but less than $1,500, a misdemeanor.

While Romei was
indicted within the statute of limitations for the felony offense of
misappropriation, it is undisputed that the three contributions of $250 were
made more than two years prior to Romei’s indictment, which is outside of the
statute of limitations for a misdemeanor offense.  Tex. Code Crim. Proc. Ann. art. 12.01, 12.02 (West 2003). 
However, the 2005 contribution was within the statute of limitations.

We find that the
trial court abused its discretion by refusing to instruct the jury on the
statute of limitations because there was some evidence that some of the conduct
made the basis of the indictment and jury charge occurred outside of the
applicable statute of limitations for misdemeanor offenses.  See Hamel v.
State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).  When, as here, a timely
objection is made, error in the jury charge requires reversal if the error
caused “some harm.”  See Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (op. on reh’g).  In making this determination, “the actual
degree of harm must be assayed in light of the entire jury charge, the state of
the evidence, including the contested issues and weight of probative evidence,
the argument of counsel and any other relevant information revealed by the
record of the trial as a whole.”  Id.  

Using this
standard, we find that the failure to include the instruction resulted in “some
harm” to Romei because although the jury charge was generally unexceptional,
the evidence and arguments proffered certainly emphasized conviction of the
2002 offenses, perhaps more strongly than of the 2005 offense.  The jury could
have determined that Romei was guilty only of the 2005 offense or it could also
have determined that Romei was guilty of two or more of the 2002 offenses or
some combination thereof.  Because we find that Romei was harmed, we sustain
this issue, and will remand this cause to the trial court for a new trial on
the offense of misapplication of fiduciary property in an amount of $500 or more
but less than $1,500.        

Conclusion

            We affirm Romei’s conviction
in Cause No. 10-09-00062-CR.  We reverse the conviction in Cause No.
10-09-00063-CR and remand that cause to the trial court for a new trial. 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed
in part, Reversed and remanded in part

Opinion
delivered and filed February 23, 2011

Do
not publish

[CR25]









[1]  We are required to
address the sufficiency of the evidence complaint because, if it is sustained,
acquittal is required, which is greater relief than a reversal and remand for a
new trial.  See Nickerson v. State, 69 S.W.3d 661, 668 (Tex. App.—Waco
2002, pet. ref'd); see also Hernandez v. State, 268 S.W.3d 176, 178
(Tex. App.—Corpus Christi 2008, no pet.).